**UNITED STATES of America**

v.

**Jose MARTINEZ–LUNA, Defendant.**

**No. CRIM.A. 97–78–1.**

United States District Court,
E.D. Pennsylvania.

Oct. 20, 2006.

Amy L. Kurland, Esquire, United States Attorney's Office, Philadelphia, PA, for Plaintiffs.

Andres Jalon, Esquire, Philadelphia, PA, for Defendants.

## *MEMORANDUM AND ORDER*

KATZ, Senior District Judge.

Defendant was convicted of conspiracy to distribute more than five kilograms of cocaine, and on May 19, 2000, was sentenced to 24 months in custody followed by five years supervised release. On July 25, 2006, the Probation Office filed a Petition for revocation action.

## I. Findings of Fact

1. At the time of his sentencing, Martinez–Luna was informed of the following conditions of supervised release:

A. "While on supervised release, you shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance."

B. "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."

2. On July 10, 2003, Philadelphia police arrested Martinez–Luna for operating a motor vehicle while under the influence of drugs and/or alcohol.

---

3. On July 6, 2006, Martinez–Luna was convicted in the Philadelphia Municipal Court of driving under the influence of drugs and/or alcohol.

4. Martinez–Luna tested positive for cocaine on the following seven dates: December 16, 2002, June 11, 2003, June 18, 2003, May 20, 2004, October 12, 2004, July 20, 2005, July 12, 2006.

5. Martinez–Luna admitted to the probation officer that he had used cocaine on May 6, 2006.

6. Martinez–Luna attended an outpatient drug treatment program from July 18, 2003 until February 2, 2004.

7. Martinez–Luna began another outpatient drug treatment program on June 26, 2006, which he is currently attending.

8. Supervised release and outpatient drug treatment have been insufficient to curtail the defendant's repeated drug use, and violations of supervised release.

## II. Conclusions of Law

1. Martinez–Luna's conviction for driving under the influence constitutes a Grade B violation of his supervised release.

2. Martinez–Luna's positive urine tests and the defendant's admission constitute a Grade C violation of his supervised release.

3. Martinez–Luna is in criminal history category I. For a Grade B violation he faces a sentencing guideline range of 4 to 10 months.

### ORDER

**AND NOW**, this 20th day of October, 2006, upon consideration of the foregoing findings of fact and conclusions of law and after a hearing, it is hereby **ORDERED** as follows:

1. Defendant's supervised release is **REVOKED**. Defendant shall re-

port by 2:00 p.m. two weeks following designation of the institution by the Bureau or Prisons to that institution.

2. Defendant is committed to the custody of the Bureau of Prisons for a term of four (4) months.

3. No further term of supervised release is imposed.